## CIRCUIT COURT OF ROANOKE COUNTY

Mary June Mcguire Allen

v.

Emory Eldon Allen

October 7, 2002

Case No. CH00-73

BY JUDGE ROBERT P. DOHERTY, JR.

The sole question currently before the Court is whether or not the parties to this divorce case separated in January of 2000 and continued to live separate and apart from that date to the present, without cohabitation, as contemplated by the divorce statutes. Despite conflicting *ore tenus* evidence, the Court finds as follows.

This divorce suit was filed in January 2000, when the parties began sleeping in separate bedrooms. Husband moved to an apartment in March 2000, but returned to the marital abode in October 2000, where, under a written agreement, he rented the master bedroom, bath, and basement, had the use of the kitchen and laundry room, and on Sunday afternoons, the common areas of the house. This arrangement, originally contracted for six months, continued for the next fourteen months until December 2001, when the Husband again moved from the marital residence. During the first two to three months of the divorce the only change that occurred in the parties' marital life was that they had no sexual relations, which status they agree continues to this day, and they slept in separate bedrooms.

After entering into their rental agreement the parties shared some meals, the wife frequently took baths in the husband's bathroom, and they communicated often about family matters. Husband provided extra money to the wife as needed to pay family bills, and he paid the cable television bill

and the cost of one of the telephone lines in the house. He also worked on and funded improvements to the basement. The children were free to enter the husband's room and, on occasion, the wife folded the husband's laundry and put it away for him. The husband kept a refrigerator and appliances for cooking in his room, and both parties occasionally ate the other's food. The contractual living arrangement gradually broke down with the husband's having the run of the house, leaving his room to involve himself in discussions between the wife and the children, and even waking the children in the mornings.

Around October or November 2001, amid increasing arguments, wife put a bookcase in front of the husband's bedroom door to prevent his access to the family room and husband put a refrigerator in front of his side of the door. It was then that he installed a lock on the door and on some of the cabinets in his room. Thereafter, husband used the outside exit from his bedroom as his sole means of access rather than the front door of the house he had previously used. Presumably, he also ceased using the balcony in his bedroom that overlooked the family room.

When husband moved back into the marital abode for his last fourteen month stay, he did so to minimize his expenses, provide extra money for the wife, be closer to the children, and to provide security for them. Husband intended to and thought that he was living separate and apart from the wife, without cohabitation. The wife thought they were attempting to reconcile. Both parties were wrong.

In *Bchara v. Bchara*, a May 21, 2002, decision of the Virginia Court of Appeals, 38 Va. App. 302, 563 S.E.2d 398 (2002), the court held that the "[d]etermination of whether and when the parties have 'lived separate and apart without cohabitation' is a fact-based inquiry, requiring examination of all the circumstances before the court." Upon the facts presented in this case, the Court finds that the parties have not lived separate and apart, without cohabitation, since January 2000, as contemplated by § 20-91, Code of Virginia (1950), as amended. Accordingly, the Bill of Complaint will be dismissed.